IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANDRE GARRETT | § | |
| v. | § | CIVIL ACTION NO. 6:06cv130 |
| AMANDA ADAMS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Andre Garrett, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Garrett complained that he is being required to cut his hair in violation of the tenets of his religious beliefs. He also says that he is being denied the right to congregate with persons of his faith and that he is being denied access to the place of worship for Jewish inmates and to dormitory housing for Jewish inmates. He made a conclusory assertion that he was subjected to "racially and sectarian-motivated moves," but offered no facts, and stated that he was threatened with a disciplinary case on March 13, 2006.

Garrett cited the Religious Land Use and Institutionalized Persons Act and says that the reasons offered by TDCJ-CID for the grooming code are "pretextual," pointing to the fact that other inmates had medical passes. He complains that there are no Jewish inmates in the dormitories and says that some personal and legal property was destroyed, although he conceded that his Step One grievance was still pending regarding this, nor does he name persons involved with this incident as

Defendants in the case. He seeks injunctive relief, asking that prison officials give him an exemption from the grooming code so as to allow him to wear a "neatly trimmed beard," and that he be moved to the dorms, allowed to attend Jewish services, allowed to purchase the grooming supplies which he believes are most suitable, and that prison officials be prohibited from retaliating against him.

The Magistrate Judge observed that Garrett has filed at least three lawsuits or appeals which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted, and so he is under the bar imposed by 28 U.S.C. §1915(g). Under this bar, Garrett cannot proceed *in forma pauperis* unless he shows that he is in imminent danger of serious physical injury. Because Garrett did not pay the statutory filing fee nor show that he is in imminent danger of serious physical injury, the Magistrate Judge recommended that the lawsuit be dismissed.

Garrett filed objections to the Magistrate Judge's Report on July 10, 2006. In his objections, Garrett argues that he is in imminent danger of serious physical injury. He says that on March 18, 2006, an officer named Elem inspected his hair and saw that he had gotten a haircut, but did not cut his locks. Elem stated that she was going to "get" him. Garrett says that this statement is "a present and imminent threat" which amounts to "a genuine emergency where time is pressing." In a section of his objections labeled "New Developments," Garrett says that his medical clipper shave pass has been arbitrarily taken away and that on April 12, 2006, he received notice that his "knee sleeve" pass has been discontinued. On April 11, he says, Dr. Kuykendall discontinued all clipper shave passes. He states that he intended to disregard this, and then received a disciplinary case on April 29. On June 7, his medical pass was reinstated after his face "broke out profusely." As is apparent, none of the incidents which Garrett listed as "new developments" had their administrative remedies exhausted at the time that the lawsuit was filed.

Returning to the Magistrate Judge's Report, Garrett says that he qualifies for the "imminent harm" exemption because his hair is a "sense organ" and he derives spiritual power from it. He also says that his hair is connected to his immune system and that he will suffer "egregious harm" when prison staff attempt to cut it. He says that the Defendants, not the Magistrate Judge, were obliged

2

to establish his disqualification from *in forma pauperis* status and that his strikes have not been "authenticated."  Garrett argues that the Magistrate Judge abused her discretion in granting *in forma pauperis* status, ordering payment of the fees, and them disqualifying him.  Finally, he objects to the Magistrate Judge's conclusion that he is not bringing the property claim as part of the lawsuit and says that in recent days, he has "shed blood" in his "forced shaving."

Garrett's objections are without merit.  He has plainly failed to show that he is in imminent danger of serious physical injury; vague and inchoate threats are not sufficient, because such supposed "threats" are not "real and proximate."  Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003); Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3rd Cir 2001); *see also* Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002) (verbal threats do not rise to the level of a constitutional violation).  His contentions that his hair is a "sense organ" which is connected to his immune system, rendering haircuts a "serious physical injury," are both novel and creative, but meritless nonetheless.

Garrett's contention that the Defendants, not the Magistrate Judge, have the burden of identifying strikes is equally without merit.  The Magistrate Judge, like the district court, may take judicial notice of court records, and such notice may be taken whether requested by a party or not. [1] Rule 201, Fed. R. Evid.  In this case, the Magistrate Judge listed Garrett's strikes, noting a previous ruling by the Fifth Circuit that Garrett had two strikes, as well as a case filed in district court which was dismissed as frivolous and thereby constituted his third strike.  Garrett was given the opportunity to respond to the identification of the strikes through his objections to the Magistrate Judge's Report, but chose to say only that these cases were not "authenticated as strikes."  The statute does not require any such authentication, nor have any federal cases located by this Court's research imposed such a requirement.  Instead, a case counts as a strike when it is dismissed on the grounds of being

---

[1] Garrett has also accumulated other strikes besides those listed by the Magistrate Judge. *See* Garrett v. Anderson, et al., slip op. no. 00-11282 (5th Cir., May 17, 2001) (unpublished) (affirming district court's dismissal of lawsuit as frivolous); Garrett v. Click, et al., slip op. no. 00-10356 (5th Cir., February 7, 2001) (unpublished) (affirming dismissal of lawsuit for failure to state a claim as well as on summary judgment grounds)

frivolous, malicious, or for failure to state a claim upon which relief may be granted, and this dismissal becomes final. 28 U.S.C. §1915(g); Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Garrett contends that his cases were not frivolous, but does not dispute that they were dismissed on that basis, and therefore count as strikes. His objections on this point are without merit.

Garrett next complains that he was originally granted *in forma pauperis* status and a filing fee assessed, but now the Magistrate Judge has recommended revoking this status, leaving him to pay the fee. The fact that he was assessed an initial partial filing fee is of no moment; he remains responsible for the filing fee because the Fifth Circuit has held that inmates are obligated to pay the full filing fee for a complaint, and this obligation arises at the moment that the lawsuit is filed, regardless of the ultimate disposition of the case. Hatchet v. Nettles, 201 F.3d 651, 654 (5th Cir. 2000); *see also* Williams v. Roberts, 116 F.3d 1126, 1128 (5th Cir. 1997) (appellate fee is imposed for "the privilege of filing an appeal," regardless of whether the appeal is later dismissed). This is true even where the complaint is subject to dismissal under 28 U.S.C. §1915(g). *See* In re Alea, 286 F.3d 378 (6th Cir. 2002); Anderson v. Sundquist, 1 F.Supp.2nd 828, 830 (W.D.Tenn. 1998). Garrett's objection on this point is without merit.

Finally, Garrett's objection to the Magistrate Judge's conclusion regarding his property claim is without merit because this claim, even if properly brought in this lawsuit, is barred under Section 1915(g) because Garrett did not pay the filing fee, nor did he show that he is in imminent danger of serious physical injury with respect to his property claim. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original complaint, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Plaintiff are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's *in forma pauperis* status is REVOKED and that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the full filing fee. It is further

ORDERED that should the Plaintiff pay the full filing fee within 15 days after the date of entry of dismissal, he shall be allowed to proceed in this lawsuit as though the full filing fee had been paid from the outset. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 17th day of July, 2006.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE