IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANDRE LEROY GARRETT | § | |
| v. | § | CIVIL ACTION NO. 6:06cv130 |
| AMANDA ADAMS, ET AL. | § | |

### MEMORANDUM ADOPTING INITIAL REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Andre Garrett filed this lawsuit complaining of alleged deprivations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

An evidentiary hearing was conducted on January 11, 2007. Following this hearing, the Magistrate Judge issued a Report recommending that all of Garrett's claims except for his claim that he was improperly removed from the list of Jewish inmates, and thereby not allowed to attend services or celebrations, and that Jewish inmates are required to prove that they are of that faith while members of other faiths are not, be dismissed with prejudice. The Defendant Donald Lacy was ordered to answer these claims, and an answer has now been filed.

Garrett filed objections to the Magistrate Judge's Report on March 9, 2007. In his objections, Garrett first says that the Magistrate Judge did not address all of the issues in his complaint. He says that in his original complaint, he stated as follows:

> Claimant also bring as part of this action that he has been targeted for his legal papers as it relates to this suit. Unit Law Library personnel misinformed other staff and he was singled out for two specific inspections with respect to the present litigation. Subsequently, the unit property officer Linville had purposely destroyed Claimant's legal and personal property. As part of the concert of discriminatory retaliation grievance person Pam Kirkpatrick has obstructed the I-172 filed on the unit three times. The Step One is presently pending in the Hutsville office for redress of grievances. The issue will be expounded upon once the matter is resolved. It is

1

raised at this time due to the the religious nature of the property destroyed by Linville.

However, Garrett complains, the Magistrate Judge did not address this issue.

Garrett next complains that it was an "abuse of discretion" not to serve the defendants with process prior to (or after) the hearing. He says that he timely requested service and so the failure to do so is a violation of the law.

Garrett contends that the Spears hearing was unfair and that in summarizing his claims in the Report, the Magistrate Judge altered them subtly. He says that the Magistrate Judge abused her discretion in recommending dismissal of certain Defendants because these persons have not carried their burden of proof under the Religious Land Use and Institutionalized Persons Act. He says that there is "specific evidence" to support his contentions.

In a similar vein, Garrett complains that the Magistrate Judge addressed his claims out of order, saying that they were presented in his original and amended complaints in their order of priority to him. He says that the Magistrate Judge failed to address the issue of "non-mutual collateral estoppel" with respect to his beard, and complains that the prison records (which he characterizes, incorrectly, as unauthenticated) are "misleading."

Garrett complains that he was cut off at the Spears hearing before he could present additional evidence in support of his claims, and objects to the Magistrate Judge's use of case law which he believes is inappropriate, including Supreme Court cases which pre-date enactment of RLUIPA. He then reiterates his claims, spending considerable time on the claims upon which the Magistrate Judge recommended that he be allowed to proceed.

Although the Magistrate Judge simply set out the contents of the prison records, Garrett appears to believe that the Magistrate Judge was making a determination that these records were correct. He also argues that the Fifth Circuit precedent upholding prison grooming standards, even against RLUIPA challenges, is incorrect, citing a decision from the Ninth Circuit to this effect. Garrett complains that the prison policies are unconstitutional because prison officials have failed to show that these policies represent the "least restrictive means."

With regard to a claim of discrimination regarding being moved from the dorms, the Magistrate Judge stated that the claim was not exhausted because in his Step One grievance, Garrett complained that he and others were moved because they are African-American, and wanted to know why "we blacks" were moved, but in his Step Two, he says that he is Jewish, and there is not a fair representative of "my race" in the dorms. The Magistrate Judge noted that Garrett argued racial discrimination in his Step One grievance and religious discrimination in his Step Two grievance, and concluded that his grievances did not give fair notice as to what his complaints were to the prison officials. The Magistrate Judge also stated that the claim lacked merit even if it were exhausted. In his objections, Garrett argues that he did exhaust his administrative remedies because in a separate letter to TDCJ-CID officials, sent a couple of weeks after he filed his Step One grievance, he pointed out that he is Jewish, and that there is such as a thing as "black Jews."

Finally, Garrett again says that the Magistrate Judge failed to address that Pam Fitzgerald obstructed the right to redress a grievance, that Michael Unit inmates were "ordered to shave" when medical staff "interfered with our treatment," and that the Magistrate Judge mis-characterized the relief which he sought in the lawsuit.

Discussion

Garrett's first issue concerns a claim that the unit property officer destroyed "legal and religious property," and that Pam Kirkpatrick would not process his complaints about it. In his amended complaint, he says that the property was religious in nature, and his original complaint refers to the "religious nature of the property" destroyed by Linville.

The doctrine of Parratt v. Taylor, 451 U.S. 527 (1981) (overruled in part on grounds not relevant here) and Hudson v. Palmer, 468 U.S. 517 (1984), known collectively as the *Parratt/Hudson Doctrine*, states that a random and unauthorized deprivation of a property or liberty interest does not violate procedural due process if the State furnishes an adequate post-deprivation remedy. *See* Caine v. Hardy, 943 F.2d 1406, 1412 (5th Cir. 1991). Three predeprivation conditions must exist before the doctrine can be applied. These are: (1) that the deprivation be unpredictable;

(2) that predeprivation process be impossible, making any additional safeguard useless; and (3) that the conduct of the state actor be unauthorized. Where these conditions exist, the State cannot be required to do the impossible by providing predeprivation process. Charbonnet v. Lee, 951 F.2d 638, 642 (5th Cir. 1992), *citing* Zinermon v. Burch, 494 U.S. 113 (1990); Myers v. Klevenhagen, 97 F.3d 91, 94-95 (5th Cir. 1996).

Hudson holds that deprivations of property by prison officials, even when intentional, do not violate the Due Process Clause of the Fourteenth Amendment provided that an adequate state post-deprivation remedy exists. Hudson, 468 U.S. at 533. The Texas state administrative and judicial systems provide an adequate state post-deprivation remedy. Tex. Gov. Code Ann. art. 501.007 (Vernon Supp. 1994); *see also* Murphy v. Collins, 26 F.3d 541, 543-44 (5th Cir. 1994).

In this case, Garrett argues that he was subjected to a random and unauthorized deprivation of his property by Linville. Because the Texas state administrative and judicial systems provide an adequate state post-deprivation remedy, the appropriate forum for this claim lies in state court or in the administrative procedures of TDCJ rather than federal court. Simmons v. Poppell, 837 F.2d 1243, 1244 (5th Cir. 1987).

Even to the extent that Garrett contends that some of the property destroyed was legal, he has failed to show any merit to his claim. He has not shown nor even alleged that the destruction of any legal property caused him actual harm with respect to denying him access to courts. *See* Lewis v. Casey, 116 S.Ct. 2174, 2179-81 (1996) (actual harm must be shown to establish a violation of the right of access to court); *accord*, Mann v. Smith, 796 F.2d 79, 83 (5th Cir. 1986). Garrett's objection on this ground is without merit.

Second, Garrett complains that the Magistrate Judge erred in failing to have the defendants served with process. In lawsuits filed by prisoners, 28 U.S.C. §1915A requires that the Court conduct a screening process to identify cognizable claims or dismiss the complaint, or any portion thereof, which is frivolous, malicious, or fails to state a claim upon which relief may be granted. This statute applies even to prisoners, such as Garrett, who paid the filing fee and are not proceed

*in forma pauperis*. Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998). The Fifth Circuit, and other circuits, have held that service of process is not required prior to a dismissal under Section 1915A. Taylor v. Carlize, 172 Fed.Appx. 589 (5th Cir., March 27, 2006) (not selected for publication in the Federal Reporter), *citing* Carr v. Dvorin, 171 F.3d 115, 166 (2nd Cir. 1999) (*per curiam*). Garrett has failed to show that the Magistrate Judge erred in this regard, and so his objection on this point is without merit.

Garrett complains that the Spears hearing was unfair because he was not allowed to present all of the evidence which he wanted. The hearing lasted almost an hour and Garrett was allowed to testify extensively concerning his claims. Garrett does not make clear what evidence he wished to present; he refers to his objections to the Spears hearing, but these similarly do not indicate any evidence which Garrett wished to present but could not. His objection on this point is without merit. His complaints that the Magistrate Judge altered the wording of his claims, addressed his claims out of order, and abused her discretion by dismissing certain defendants, are likewise without merit.

Garrett complains that the Magistrate Judge failed to address his claim of non-mutual collateral estoppel. This doctrine provides that if a litigant has fully and fairly litigated an issue and lost, then third parties unrelated to the original action can, in certain circumstances, bar the litigant from re-litigating that same issue in a subsequent suit. *See* United States v. Mollier, 853 F.2d 1169, 1175 n.7 (5th Cir. 1988); Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 330, 99 S.Ct. 645, 651 (1979). The doctrine is inapplicable in this case because the previous litigation which Garrett cites, Lewis v. Scott, 910 F.Supp. 282 (E.D.Tex. 1995), *reversed* 127 F.3d 33 (5th Cir. 1997), has been reversed and no longer has any precedential value. Garrett fails to point to any precedential litigation which TDCJ-CID or its agents have lost for which he believes that he is entitled to non-mutual collateral estoppel. This claim is without merit.

The Report of the Magistrate Judge carefully explained the use of the case law which was cited. Although he complains that the Magistrate Judge cited O'Lone v. Estate of Shabazz, 482 U.S. 342 (1987), Garrett overlooks the fact that the Magistrate Judge specifically said that the O'Lone test

was modified by the Religious Land Use and Institutionalized Persons Act. To the extent that Garrett disagrees with the Fifth Circuit's application of RLUIPA, particularly in regard to the dismissal of certain defendants in this case, that is not a matter which the district court can alter. His objection on this point is without merit.

The Magistrate Judge described the contents of the prison records, given that these are the records upon which the prison officials relied in making their determinations. The Magistrate Judge did not make a finding that these records were true, but considered Garrett's pleadings and testimony to be true to the extent that they contradicted the records. Garrett's contention that the prison records were unauthenticated is simply incorrect, as shown by the affidavits which accompanied these records. His request for a copy of the records will be rendered moot in that, because an answer has been filed, Garrett is entitled to disclosure of all information which is relevant to his claims, as stated in the discovery plan applicable to this case (set out in the order to answer dated January 22, 2007). His objection on this point is without merit.

Garrett complains that he did exhaust his administrative remedies with regard to the claim of discrimination in the dorms, but does not dispute that his Step One grievance made no mention of discrimination based upon religion. Garrett also offers nothing to show that this claim has any merit even were it exhausted. His objection on this point is without merit.

Finally, Garrett objects to the Magistrate Judge's review of his claim about clipper shaving passes. He says that Michael Unit inmates were ordered to shave after their clipper shave passes were rescinded; Garrett concedes that the unit medical personnel rescinded the passes, but speculated that this was done because he had filed this lawsuit. However, Garrett did not sue any medical personnel in this lawsuit. He also fails to show that prison officials acted improperly in ordering Garrett or other inmates to shave after the passes were rescinded, in that they no longer had a medical basis not to shave, and the fact that he has filed a lawsuit does not itself exempt him from complying with TDCJ-CID regulations. As the Magistrate Judge stated, the TDCJ grooming regulations have been upheld by the Fifth Circuit. His objection on this point is without merit.

The Court has conducted a careful *de novo* review of the pleadings and testimony in this cause, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all relevant documents and filings in the record.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit.  It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that all of the Plaintiff's claims except for his claims that he was improperly removed from the list of Jewish inmates, and thereby not allowed to attend services and celebrations, and that Jewish inmates are required to prove that they are of that faith while other inmates are not, are hereby DISMISSED with prejudice as frivolous.  It is further

ORDERED that the Defendants Amanda Adams, Larry Adamcik, William Jock, Don Kaspar, Officer Elam, Officer Oliver, and TDCJ-CID are hereby DISMISSED as parties to this lawsuit.  The dismissal of these claims and parties shall have no effect upon the claims excepted above.

**SIGNED this 14th day of March, 2007.**

_Michael H. Schneider_
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE